UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

IN RE GLOBALSTAR SECURITIES LITIGATION            01 Civ. 1748 (PKC)

ORDER

-----------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

       This action was commenced on February 28, 2001. On October 4, 2001, leave was granted to plaintiffs to file a consolidated amended complaint that was, in fact, filed on November 13, 2001. At various times during the life of this action, it was automatically stayed by reason of section 362 of the bankruptcy code, 11 U.S.C. 362.

       Judge Stein denied a motion to dismiss the consolidated amended class action complaint in a Memorandum and Order entered on the docket on December 15, 2003.

       On January 9, 2004, I entered a scheduling order in this case directing that all fact discovery be completed by March 31, 2004. On November 12, 2004, at the request of the parties I extended fact discovery to March 30, 2005 and set the final pretrial conference in this case for June 10, 2005 and trial for July 6, 2005. On December 1, 2004, I granted a motion to certify the class.

       In disregard of my Individual Practices (See Paragraph 2.A, Pre-Motion Conferences in Civil Cases), plaintiffs have filed (1) a motion to amend; and (2) a motion to expedite briefing on a motion to amend. Had plaintiffs complied with my Individual Practices, I can safely say that the motion to expedite, accompanied by a memorandum and an unsolicited proposed order, would not have been necessary. In turn, these attorney time charges, incurred presumably with the intent that they would be paid out of any common fund in the even the

-2-

presumably with the intent that they would be paid out of any common fund in the even the plaintiffs prevail, would not have been necessary.

The motion to expedite is granted to the extent that defendants shall respond to the motion to amend by April 26 and plaintiffs may reply by April 28.

According to plaintiffs, a grant of the motion to amend would require new notice to the members of the expanded class and a new opt out period. Also, grant of the motion to amend would trigger, I assume, defendant's right to file a motion to dismiss with respect to the new allegations and perhaps to seek additional discovery. In addressing the motion, the parties should proceed from the assumption that the dates set on November 12 for the final pre-trial conference and for trial will remain and will not be moved. Cf. Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:   New York, New York
         April 19, 2005