UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

IN RE GLOBALSTAR SECURITIES LITIGATION                    01 Civ. 1748 (PKC)

                                                              ORDER

-----------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        This action was commenced on February 28, 2001.  On October 4, 2001, leave

was granted to plaintiffs to file a consolidated amended complaint which was then filed on

November 13, 2001.  At various times during the life of this action, it was automatically

stayed by reason of section 362 of the bankruptcy code, 11 U.S.C. § 362.  Judge Stein denied a

motion to dismiss the consolidated amended class action complaint in a Memorandum and Or-

der entered on the docket on December 15, 2003. In re Globalstar Securities Litigation, 2003

WL 22953163 (S.D.N.Y. 2003),

        On January 9, 2004, I entered a scheduling order in this case directing that all

fact discovery be completed by March 31, 2004.  On November 12, 2004, at the request of the

parties I extended fact discovery to March 30, 2005, set the final pretrial conference in this

case for June 10, 2005 and scheduled trial for July 6, 2005.  In several orders since then, I have

reaffirmed the trial date of July 6. (e.g., Docket Entry #93, April 14, 2005; Docket Entry #97

May 2, 2005; Docket #112, June 9, 2005.)  My Order of January 9, 2004 provided unambigu-

ously that "No motion for summary judgment shall be served after the deadline fixed for the

Joint Pretrial Order." (Docket Entry #55, January 9, 2004).  I set the date for the Final Pretrial

Order as May 31, 2005. (Docket Entry 93, April 14, 2005).  Though fact discovery had closed

on March 30 and the deadline for summary judgment motions was May 31, 2005 (thereby requiring a request for a premotion conference well in advance of May 31), defendant did not seek to file a summary judgment motion until June 8, 2005.  I acceded to the defendant's request, even though it would have been a proper exercise of discretion to conclude that defendant had waived his right to file the motion.  See Rule 16(5), Fed. R. Civ. P., permitting the court to enter orders governing "the appropriateness and timing of summary adjudication under Rule 56."  Under the schedule proposed by defendant and accepted by the Court, defendant's reply brief will be filed on June 27, six business days before trial.

I have now had an opportunity to review the movant's papers. Without prejudging the motion, I now understand why defendant did not rush to file the motion. Defendant asserts that, under the rather broad standard in Rothman v. Gregor, 220 F.3d 81, 80 (2d Cir. 2000), no triable issue of fact exists as to whether Mr. Schwartz acted with scienter. Defendant also asserts that there is no triable issue of fact on the issue of reliance because the "total mix of information in the marketplace" precludes such a finding. Citing Lentell v. Merrill Lynch & Co., Inc., 396 F.3d 161,173 (2d Cir. 2005) and other cases, defendant asserts that there are no triable issues on whether the fraud, assuming it existed, caused an investment loss to plaintiffs. Finally, defendant asserts that oral statements by Mr. Schwartz that, concededly, were not directly accompanied by meaningful cautionary language ought to be protected by the statutory safe harbor citing Ninth Circuit case law.

Judge Stein denied defendant's motion to dismiss in a thorough opinion, which represents the law of the case. The allegations, if proven, will support a judgment in plaintiffs' favor. Where a complaint has been held to survive a motion to dismiss, a grant of summary judgment in this Circuit on the grounds of lack of scienter, lack of reliance or the absence of

loss causation is exceeding rare. Defendant's brief proves the point by its paucity of citations to cases in this Circuit in which summary judgment has been granted on these issues. But see In re Northern Telecom Ltd. Securities Litigation, 116 F.Supp.2d 446 (S.D.N.Y. 2000)(granting summary judgment on loss causation) (not reviewed on appeal); In re Symbols Techs. Class Action Litig, 950 F.Supp. 1237 (E.D.N.Y. 1997)(certain statements not misleading or made without scienter)(not reviewed on appeal).

It is the present intention of the Court not to rule on the pending motion in advance of trial. I will take the motion under advisement with any motion defendant makes at the close of plaintiffs' case or the entire case. I may reserve on the motion until the post-verdict stage. Nevertheless, because it will be useful to my understanding of the issues that will be presented at the July 6 trial, I will direct the parties to appear before me on June 29, 2005 at 9:15 a.m. to present argument on the motion. I will allow 30 minutes to each side.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
June 23, 2005